UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ENTERED

MAR 0 5 2007

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

JAMES CARL HIGGS, )
)
          Plaintiff, )
)
vs. ) No. 1:04-cv-316-DFH-TAB
)
S. BRIGGS, et al., )
)
          Defendants. )

**Entry Concerning Selected Matters**

**I.**

The plaintiff's requests for a copy of the docket sheet are **granted.** The clerk shall include a copy of the docket sheet with the plaintiff's copy of this Entry.

**II.**

Plaintiff's motion for judge recusal (dkt 41) and his request for three-judge panel or, alternatively, judge recusal (dkt 78) have been considered.

**A.**

"A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). In his request, plaintiff Higgs seeks a three-judge panel in this case apparently because of his dissatisfaction with the manner in which the case has developed. However, such a request could only be granted if authorized by law, for which no statutory or other authority has been cited, and none is discernible.

Because the plaintiff's alternative request for a 3-judge panel is without foundation in this case, the request for such a panel is **denied.**

**B.**

The motions for recusal are based on the plaintiff's dissatisfaction with rulings made and with certain matters not addressed to the plaintiff's satisfaction.

To prevail on a request for recusal, the facts alleged must be sufficiently definite and particular to convince a reasonable person that bias exists. Conclusions, opinions, or rumors are not sufficient. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985)). A decision adverse to a party--even one adverse on all of the issues raised--is not evidence of bias where that decision is supported by the law and facts, as is the case here. See *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994); *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001). Such rulings are proper grounds for appeal, not for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be"); *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) ("It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions").

There are no non-frivolous allegations of bias here. What the plaintiff has done, instead, is attempt to use the recusal provisions in Title 28 of the United States Code as a mechanism for developing the pretrial development of the case to suit him. This is not permitted. *F.D.I.C. v. Sweeney,* 136 F.3d 216, 219-20 (1st Cir. 1998); 13A Charles Alan Wright, et al., **FEDERAL PRACTICE AND PROCEDURE** § 3542 at 577-78 (2d ed. 1984).

The plaintiff's motions for recusal are therefore **denied.**

### III.

The plaintiff's motion for judgment on the pleadings and/or jury trial or in the alternative, proposal for settlement (dkt 63), filed on July 24, 2006, has been considered.

The plaintiff's request for judgment as a matter of law is **denied**, as the pleadings do not entitle him to judgment as a matter of law. The plaintiff's request that a trial date be set is **granted** to the extent that a trial date shall be set at the appropriate time. The defendants have declined to respond to the plaintiff's settlement demand and the court construes this as their refusal to accept the demand, with no counter-offer.

### IV.

The plaintiff's request for writs of habeas corpus ad testificandum (dkt 67) filed on August 9, 2006, and for the issuance of various subpoenas is **denied as premature.**

### V.

The plaintiff's request for pretrial conference and for the appointment of counsel (dkt 64), filed on July 26, 2006, has been considered, as has the plaintiff's motion for reconsideration of his motion for counsel filed on September 25, 2006 (dkt 75).

## A.

The court applies a three-part inquiry when deciding whether to grant requests for counsel. The first of these is to determine "if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir.), *cert. denied*, 510 U.S. 963 (1993).

There is no indication from the plaintiff's motions for appointment of counsel that he has made reasonable efforts to retain counsel and was unsuccessful or that he has been precluded from making such efforts. Accordingly, his motions for the appointment of counsel are **denied.** Notwithstanding the foregoing ruling, the court will be alert for both the manner in which the presence of counsel could aid the plaintiff and the adjudicative process and for an attorney suitable to undertake representation of the plaintiff.

## B.

The plaintiff's request for a pretrial conference **denied at this point.** The prior expectation that the action would proceed with more vigor once the plaintiff was released from the Indiana Department of Correction has been negated by the fact that upon that release the plaintiff was promptly transported to Kentucky, where he is serving the executed portion of a sentence imposed in that jurisdiction. Additionally, an expansive amended complaint was filed on June 1, 2006, and the viability of claims in that pleading has not yet been determined. Although appropriate further pretrial development will be conducted, that does not include at this time the need for a pretrial conference.

So ordered.

**DAVID F. HAMILTON**
U.S. DISTRICT JUDGE

DAVID F. HAMILTON, Judge
United States District Court

Date: MAR 0 5 2007

Distribution:

Thomas D. Quigley
INDIANA STATE ATTORNEY GENERAL
thomas.quigley@atg.in.gov

James Carl Higgs
#084908
Eastern Kentucky Correctional Complex
200 Road to Justice
West Liberty, KY 41472